**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JIAXING LEADOWN FASHION CO. LTD.,　　　　　CASE NO. 21-CV-00976-VM

　　　　　Plaintiff,

　v.

LYNN BRANDS, LLC, SHAWN WANG,
and CATHY WANG,

　　　　　Defendants.

---

### DECLARATION OF MICHAEL J SHEPPEARD

　　　　　I, Michael J Sheppeard, an attorney admitted to practice in this Court, declare pursuant to 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

　　　　　1.　　I am an attorney with Scarinci Hollenbeck LLC (the "Firm") and am admitted to practice in this Court. I am familiar with the facts and circumstances of the proceedings described herein and the documents attached hereto. I submit this declaration in support of the Firm's application, pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule 1.4 (hereinafter, "Local Rules"), for leave to withdraw as Defendants' attorneys of record herein and for the appurtenant relief sought therewith.

　　　　　2.　　Annexed hereto as Exhibit 1 is the affirmation of Howard Bader, Esq. ("Bader Affirmation") setting forth the basis of the application to be relieved as counsel in more detail, which stems from a conflict of interest as a result of certain allegations made on behalf of certain of the Defendants herein, as well as other grounds, including, but not limited to, non-payment.

3. Like Howard Bader, I too was an attorney with Ballon Stoll Bader & Nadler, P.C. ("BSBN"), then located at 729 Seventh Avenue, New York, New York 10019 until 15 August 2020, when I then joined the Firm. The Defendants followed, moving their representation to the Firm.

4. As described more fully in the Declaration of Howard Bader, in a fee dispute with BSBN, certain allegations were made on behalf of one or more of the Defendants herein concerning work performed while at BSBN by myself and others, in a lawsuit now pending in the Southern District of New York.

5. These allegations, while being absolutely and wholly untrue, have created a conflict of interest here with this Firm's representation of Defendants, thereby requiring the termination of the attorney-client relationship and withdrawal from any and all representation of the Defendants by the Firm, including this one.

6. **_Current Posture_**. As the Court may recall, after initiating the informal process concerning the motion to dismiss for the individual defendants and certain claims that Defendants submitted were improperly plead and/or legally and/or factually deficient, the Plaintiff herein repled. Believing that amended pleading to be deficient as well, the informal process was again initiated, with Plaintiff having sent its response to the Defendants' objections yesterday evening.

7. Given the allegations made by the Defendants which gave rise to the conflict of interest, it is submitted that it would not be appropriate for the Firm to respond to the Plaintiff's submission and such response would be better suited Defendants' next counsel. As such, it is respectfully requested that the court stay this matter pending determination of the instant application and any stay that may be granted as a part of such relief.

8. As is more fully set forth in the Declaration of Howard Bader, given the conflict of interest here which has been found to seemingly mandate the granting of an application to withdraw (*See Rivardeneria v NY City Health & Hosps. Corp.,* 306 AD2d 394, 395 (2d Dept 2003)), together with the issues, including but not limited to non-payment, there has been a complete breakdown of the attorney-client relationship, which also supports the relief sought herein. *See Marciano v. DCH Auto Group*, 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016) (*granting* motion to withdraw where the party professed their desire to continue representation with then current attorney, after representing facts to the Court that demonstrating a complete rupture of the attorney-client relationship had occurred); *Benvenisti v. City of New York*, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006) (*finding* that "[a]lthough [the client] opposes the application to withdraw it is clear that the attorney-client relationship has broken down, and that the attorney and client lack a certain amount of trust in each other. Under these conditions a termination of the relationship would be in the best interest of both."); *Callahan v. Consol. Edison Co. of New York, Inc.*, 2002 WL1424593, at *2 (S.D.N.Y July 1, 2002) (*granting* motion to withdraw where "the statements made in open court . . . demonstrate that irreconcilable differences exist between [the client] and her counsel").

9. The undersigned is unaware of any instance where the stay of the of the proceedings would produce an undue hardship to the opposing party given the state of the litigation.

10. The Firm has not previously moved for the relief sought herein and has conferred with the adversary concerning this application.

*I declare, certify, verify, and state under penalty of perjury under the laws of the United States that the foregoing is true and correct.*

Dated: New York, New York
      03 June 2021

                                              SCARINCI HOLLENBECK, LLC

                                              By:_____
                                              Michael J Sheppeard
                                              msheppeard@sh-law.com
                                              *Attorneys for Defendants*
                                              589 8th Avenue – 16th Fl
                                              New York, New York 10018
                                              212.286.0747

## DECLARATION OF HOWARD D. BADER

I, Howard D Bader, Esq., an attorney admitted to practice in this Court, declare pursuant to 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. I am an attorney with Scarinci Hollenbeck LLC (the "Firm"), the managing partner of the New York City Office, and am admitted to practice in this Court. I am familiar with the facts and circumstances of the proceedings described herein and the documents attached hereto. I submit this declaration in support of the Firm's application, pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule 1.4 (hereinafter, "Local Rules"), for leave to withdraw as Defendants' attorneys of record herein and for the appurtenant relief sought therewith.

3. I was the managing partner of the law firm of Ballon Stoll Bader & Nadler, P.C. ("BSBN"), located at 729 Seventh Avenue, New York, New York 10019 until 15 August 2020, when I then joined the Firm.  While at BSBN, I, together with others at BSBN, represented the Defendants.  When I joined the Firm, the Defendants chose to transfer its files to the Firm and entered into an engagement letter with the Firm.

4. Over the last several months, there have been significant communications with the Defendants concerning the outstanding amounts due and owing, their payment obligations, and attempts to make suitable arrangements with the Firm for this and the other matters being handled by the Firm.

5. While the Firm was attempting to reach and finalize payment arrangements, the Firm was shocked to learn of certain allegations made on behalf of one or more of the Defendants concerning work performed while at BSBN by myself and others here at the Firm in a lawsuit

1

between BSBN, which is seeking payment of outstanding fees, and certain of the Defendants now pending in the Southern District of New York.

6. These allegations, while being absolutely and wholly untrue, have created a conflict of interest here with this Firm's representation of Defendants, thereby requiring the termination of the attorney-client relationship and withdrawal from any and all representation of the Defendants by the Firm.

7. Notice of the forgoing conflict and disengagement was given to Plaintiff on 31 May 2021 via email. The transmittal email is annexed hereto as Exhibit A. The letter has not been annexed to such transmittal letter in order to preserve any attorney-client privilege that may attach thereto. After sending the letter, the firm was in contact with the Defendants to determine its intentions moving forward, including whether alternate counsel would be substituting into this and the other matters but did not hear from them as to how they intended to move forward.

8. The pending informal motion to dismiss process has now made this relief urgent which is why the Firm is moving via an order to show cause and the stay sought.

9. Additionally, as mentioned above, the Defendants have not abided by the engagement agreement with the Firm and their payment obligations thereunder thereby causing additional irreparable deterioration of the attorney-client relationship. See 22 NYCRR 1200, Rule 1.16 ("[A] lawyer may withdraw from representing a client when . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."). Despite numerous requests, Defendants have not made suitable payment arrangements for the past due amounts or to secure any future services. At this juncture, Defendants owe the Firm approximately $191,977.94 (in the aggregate) for the numerous matters that the Firm is handling for time billed through the end of April, which excludes work in progress for the month of May (these invoices have been excluded

in order to preserve any attorney client privilege that may attach thereto). The Firm is currently in the process of seeking to be relieved as counsel in each of these matters.

10. By failing to adequately communicate with the Firm as to the payment arrangements and otherwise, there has been further irreparable deterioration of the attorney-client relationship with the Defendants that have rendered the representation of Defendants impossible to carry out here and requires the Firm to withdraw here. See 22 NYCRR 1200, Rule 1.16 ("[T]he client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively").

11. Local Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

12. New York Rule of Professional Conduct 1.16(c)(7) provides that a lawyer may withdraw if "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See 22 NYCRR 1200, Rule 1.16*. In line with this, Courts in this and the Eastern District have found that withdrawal is warranted in such instances where the representation is unreasonably difficult to carry out employment effectively. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (*quoting Lawrence Aviation Indus.*, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted)).

13. Under New York law, an attorney may terminate the attorney-client relationship at any time for a good cause upon sufficient notice. See *Rivardeneria v NY City Health & Hosps. Corp.*, 306 AD2d 394, 395 (2d Dept 2003). This includes a variety of grounds, such as nonpayment and even the potential of a conflict of interest. *Paez v. Varveris*, 2004 NYLJ LEXIS 2072, *7, (NY Civ., Kings County 13 May 2014) *citing See Rivardeneria v NY City Health & Hosps. Corp.,* 306 AD2d 394, 395 (2d Dept 2003). Further, it has been held that the failure to grant an application to withdraw when faced with a potential conflict of interest is an improvident exercise of discretion in the state courts. *See Rivardeneria v NY City Health & Hosps. Corp.,* 306 AD2d 394, 395 (2d Dept 2003).

14. Withdrawal has further been permitted when a plaintiff represented to the court that there is a complete breakdown of the attorney-client relationship. *See Marciano v. DCH Auto Group*, 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016) (*granting* motion to withdraw where the party professed their desire to continue representation with then current attorney, after representing facts to the Court that demonstrating a complete rupture of the attorney-client relationship had occurred); *Benvenisti v. City of New York*, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006) (*finding* that "[a]lthough [the client] opposes the application to withdraw it is clear that the attorney-client relationship has broken down, and that the attorney and client lack a certain amount of trust in each other. Under these conditions a termination of the relationship would be in the best interest of both."); *Callahan v. Consol. Edison Co. of New York, Inc.*, 2002 WL1424593, at *2 (S.D.N.Y July 1, 2002) (*granting* motion to withdraw where "the statements made in open court . . . demonstrate that irreconcilable differences exist between [the client] and her counsel").

15. Here, given the allegations made by one or more of the Defendants in the other referenced proceeding involving my prior firm, there are irreconcilable differences that have

4

ruptured the attorney-client relationship. These allegations prevent the Firm from continuing representation of the Defendants in any manner.

16. Additionally, Defendants have not abided by the engagement agreement with the Firm and their payment obligations thereunder thereby causing additional irreparable deterioration of the attorney-client relationship.  Despite numerous requests, Defendants have not made suitable payment arrangements for the past due amounts or to secure any future services.

17. By failing to adequately communicate with the Firm concerning the same, there has been further irreparable deterioration of the attorney-client relationship with the Defendants.  The foregoing facts have rendered the representation of Defendants impossible to carry out here and requires the Firm to withdraw here. *See 22 NYCRR 1200, Rule 1.16*.  "It is well established that lack of cooperation and communication by a client, and refusal to pay fees, are sufficient reasons for granting withdrawal." *Trustees of the Mason Tenders Dist. Council Welfare Fund v Acoustic Tech. Inc.*, 2002 US Dist LEXIS 12004, at *4 [SDNY July 2, 2002, 01 Civ. 2315 (DC)])

18. It is submitted that based upon the foregoing, that the termination of the attorney-client relationship between the Firm and Defendants is required and even if such was not absolutely required, such relationship has irreparably deteriorated and the application to withdraw should be granted.

19. The undersigned is unaware of any instance where the stay of the of the proceedings would produce an undue hardship to the opposing party given the state of the litigation.

20. The Firm has not previously moved for the relief sought herein.

WHEREFORE, for the foregoing reasons set forth herein, it is respectfully requested that requested relief by Firm be granted in its entirety and that the Firm be granted such other and further relief as the Court deems just and proper.

*I declare, certify, verify, and state under penalty of perjury under the laws of the United States that the foregoing is true and correct.*

Dated: New York, New York
   03 June 2021

               SCARINCI HOLLENBECK LLC

               */s/ Howard D. Bader*

            By: Howard D. Bader
               589 8th Avenue
               16th Fl
               New York, NY 10018

# Michael Sheppeard

| | |
|---|---|
| **From:** | Howard Bader |
| **Sent:** | Monday, May 31, 2021 7:58 PM |
| **To:** | Cathyvietmy@gmail.com |
| **Cc:** | Accounting Dept; Michael Sheppeard; Howard Bader; Nancy Fernandez; Katerin Traugh |
| **Subject:** | Lynn Brands Disengagement Letter (005) |
| **Attachments:** | Lynn Brands Disengagement Letter (005).pdf |

Please see the attached letter from my Firm. Thank you.