```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_11/8/2021_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIAXING LEADOWN FASHION CO. LTD.,

                          Plaintiff,

     - against -

LYNN BRANDS LLC, SHAWN WANG, CATHY
WANG,

                          Defendants.

---

21 Civ. 976 (VM)

DECISION AND ORDER

**VICTOR MARRERO, United States District Judge.**

    Plaintiff Jiaxing Leadown Fashion Co. ("Leadown") brings
this action against defendants Lynn Brands LLC ("Lynn
Brands"), Shawn Wang, and Cathy Wang (the "Individual
Defendants," and, collectively with Lynn Brands,
"Defendants"), alleging claims for breach of contract, fraud,
and conversion. (See First Amended Complaint, "FAC," Dkt. No.
9.) The Individual Defendants are, allegedly, the manager and
president/CEO of Lynn Brands. Plaintiff's allegations center
on its belief that Defendants were embroiled in a fraudulent
scheme in which they would order goods and then refuse to pay
for them.

    Now before the Court are Defendants' letter motions
seeking leave to file a motion to dismiss the entire FAC for
improper service of process and the claims for fraud and
conversion for failure to state a claim upon which relief can
be granted. The Court deems the letters to constitute a motion

to dismiss.[1] For the reasons discussed below, the motion is DENIED in part and GRANTED in part.

## I.  BACKGROUND

A.  <u>FACTS AND PROCEDURAL HISTORY</u>[2]

Leadown is a manufacturer of apparel. In August 2019, defendant Lynn Brands, a supplier and distributor of women's clothing, placed numerous special orders with Leadown for custom women's apparel (the "Goods"). Lynn Brands placed its orders through its standard "Purchase Order" form, which detailed the style, quantity, and design of the requested items. Upon receipt of the Purchase Orders, Leadown sent Lynn Brands a pro forma invoice specifying the price of and delivery date for the Goods. Leadown and Shawn Wang, on behalf of Lynn Brands, signed the invoice.

Leadown made seven shipments of the Goods to Lynn Brands. Lynn Brands accepted the Goods and all seemed well -- until eight weeks after the first shipment arrived, when Lynn Brands informed Leadown that more than half of the Goods were of bad

---

[1] <u>See</u> <u>Kapitalforeningen Lægernes Invest v. United Techs. Corp.</u>, 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court ruling deeming an exchange of letters as a motion to dismiss).

[2] These facts are drawn from the First Amended Complaint ("FAC"). Because the Court is reviewing a motion to dismiss, the Court accepts the facts alleged in the First Amended Complaint ("FAC") as true. <u>See</u> <u>Spool v. World Child Int'l Adoption Agency</u>, 520 F.3d 178, 180 (2d Cir. 2008). Except where specifically quoted below, no further citation will be made to the FAC or the documents discussed therein.

quality and that Lynn Brands would not pay for them.[3] Leadown requested proof of the asserted defects with certification from the alleged dissatisfied customers, but when Defendants provided only photos of the Goods, Leadown conducted its own investigation. That investigation concluded that the "defects" were intentionally caused by Defendants. Nonetheless, Defendants still refused to pay the remaining $475,475.80 balance owed to Leadown. The Individual Defendants attempted to negotiate a discount on the Goods, and Leadown initiated this action.

B.   LEADOWN'S COMPLAINT AND DEFENDANTS' MOTION TO DISMISS

Leadown brought causes of action for (1) breach of contract; (2) goods sold and delivered; (3) fraud;[4] and (4) conversion. The first two claims were brought against Lynn

---

[3] Leadown asserts that Defendants have engaged in this same scheme with other clothing manufacturers, resulting in several lawsuits similar to this one. Also key to Defendants' scheme, Leadown asserts, is that Lynn Brands tells potential suppliers that it purchased the assets -- but not the debts -- of Notations, Inc., a well-known clothing company, and took over Notations' clients. Leadown alleges that these two facts gave Leadown the impression that Defendants were in a much better position to pay for the Goods than was actually true.

[4] Leadown alleged "causes of action" for "piercing the corporate veil and personal liability of corporate officers" as part of its fraud claim, and "personal liability of corporate officers" as part of its conversion claim. Under New York law, these are remedial devices rather than independent causes of action. See Morris v. New York State Dep't of Tax'n and Fin., 623 N.E.2d 1157, 1160 (N.Y. 1993) ("[A]n attempt . . . to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners.").

Brands only, while the latter two were brought against all Defendants.

Shortly after the filing of the initial complaint, Defendants filed a letter with this Court seeking leave to file a motion to dismiss. They argued that Leadown failed to state any claims for relief, especially under the heightened standards for fraud claims, and that dismissal was warranted as to the Individual Defendants for improper service of process. Leadown served the Individual Defendants at the Lynn Brands office. (See "April 21 Motion," Dkt. No. 21.)

Shortly thereafter, Leadown filed the FAC, again alleging claims of breach of contract, fraud, and conversion, but dropping the claim for goods sold and delivered. The breach-of-contract claim was brought against Lynn Brands, while the fraud and conversion claims were brought against all Defendants. After the FAC was filed, Defendants sent the Court a second letter motion seeking leave to file a motion to dismiss, renewing and incorporating their prior arguments about inadequate service of process and insufficient pleading of FAC claims two and three (fraud and conversion). (See "May 26 Motion," Dkt. No. 19.) Leadown responded to the letter motions, opposing both.  (See Dkt. Nos. 18, 22.)

The Court now construes the letters as motions to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(5) and (b)(6).

## II.   DISCUSSION

A.   INSUFFICIENT SERVICE OF PROCESS

Courts in this District have stated that where a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(5) and 12(b)(6), the court should assess the jurisdictional issue first. See George v. Pro. Disposables Int'l, Inc., 221 F. Supp. 3d 428, 442 (S.D.N.Y. 2016) (citing Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 287 (S.D.N.Y. 2002)). Thus, the Court begins with the motion to dismiss the Complaint against the Individual Defendants for insufficient service of process.

1.   Legal Standard[5]

Rule 12(b)(5) enables a defendant to move to dismiss for insufficient service of process. See Fed. R. Civ. P. 12(b)(5). When a defendant moves for dismissal under 12(b)(5), the plaintiff "bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 753 (2d Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)); see also Rosario v. NES Med. Servs. of N.Y., P.C., 963 N.Y.S.2d 295, 297 (App. Div. 2d Dep't 2013) (stating that the plaintiff must meet this burden by a preponderance of the credible evidence). While technical errors usually do

---

[5] The parties agree that New York law applies for all claims.

not render service invalid, "where the error actually results
in prejudice to the defendant or demonstrates a flagrant
disregard of Rule 4 [of the Federal Rules of Civil Procedure],
service will be considered invalid and amendment need not be
allowed." DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54,
65 (S.D.N.Y. 2010).

To determine whether service was adequate, the Court
must look to Federal Rule 4. See id. Relevant to this case,
Rule 4 allows a plaintiff to serve an individual by any means
permitted under the pertinent state laws regarding service.
See Fed. R. Civ. P. 4(e)(1). Here, the applicable state law
is N.Y. C.P.L.R. 308, which provides that a summons may be
delivered "within the state to a person of suitable age and
discretion at the actual place of business, dwelling place or
usual place of abode of the person to be served[.]" N.Y.
C.P.L.R. 308(2). The Court must look outside the complaint to
determine whether service was proper. See Darden, 191 F. Supp.
2d at 387.

2.   Service Upon Shawn Wang

Leadown served the Individual Defendants with the
summons and complaint at Lynn Brands' New York office, located
at 230 West 38th Street, 12th Floor, New York, New York.
Defendant Shawn Wang claims he was improperly served because,
given the COVID-19 pandemic, "most people have not been

physically present at the office for some time," and, more significantly, that he did not have an interest in Lynn Brands at the time of service. (See April 21 Motion, at 3.)

The Court notes that the Individual Defendants' allegations of improper service consist of one paragraph, with no support. The Individual Defendants have not provided any support for their claims, such as a sworn affidavit stating that they were not served, cf. Darden, 191 F. Supp. 2d at 387 (noting conclusory statements from the plaintiff are "insufficient to overcome a defendant's sworn affidavit that he was not served"), any evidence showing they are no longer Lynn Brand officers, cf. Ainbinder v. R.C.R. Contracting, 204 A.D.2d 582, 583 (N.Y. App. Div. 1994) (defendant testified that he moved from his former residence and business address prior to attempted service), or other supporting materials.

Shawn Wang's first argument fails, as New York courts have held that, for C.P.L.R. 308(2) service, "it is not significant that [a business' officer] worked mainly from [their] house rather than the place of business." Columbus Realty Inv. Corp. v. Weng-Heng Tsiang, 641 N.Y.S.2d 265, 266 (App. Div. 1st Dep't 1996). While Shawn Wang is correct that a defendant's "'actual place of business' must be where the person is physically present with regularity," Selmani v.

City of New York, 954 N.Y.S.2d 580, 581-82 (App. Div. 2d Dep't 2012), if a defendant has "held out" a location as their place of business or business address, then the defendant cannot claim that location is not their place of business for purposes of C.P.L.R. 308(2). Gibson, Dunn & Crutcher LLP v. Global Nuclear Servs. & Supply, Ltd., 721 N.Y.S.2d 315, 317 (App. Div. 1st Dep't 2001) (quoting N.Y. C.P.L.R. 308(6) (defining "actual place of business")).

Leadown has shown that Shawn Wang represented 230 West 38th Street, 12th Floor as his business address. Specifically, Exhibit E to the FAC contains numerous emails from Shawn Wang in which his signature displays the West 38th Street address. Accordingly, Leadown was justified in its belief that Shawn Wang's actual place of business was at that address.

As for Shawn Wang's claim that he had no interest in Lynn Brand at the time of service, there is no support for that statement. By contrast, the Complaint and pre-motion letters show (1) pro forma invoices that Shawn Wang signed on behalf of Lynn Brands, (2) emails from "Lynn Brands" signed "Shawn Wang Operation Manager", and (3) deposition testimony from a Lynn Brands employee stating that Shawn Wang is the managing partner and owner of Lynn Brands. All of this

evidence supports a finding that Shawn Wang was a Lynn Brands officer.

Because the record before the Court shows that Shawn Wang was a Lynn Brands officer and his place of business was the address at which service was made, Leadown has established by a preponderance of the evidence that service on Shawn Wang was adequate.

3.   <u>Service Upon Cathy Wang</u>

Defendant Cathy Wang argues that she was not properly served because she "has never been physically present with regularity" at the business address where Leadown served the Complaint. (April 21 Motion, at 3.) This argument fails for the reasons discussed above relating to Shawn Wang. Leadown has alleged, with support in the form of employee depositions and emails, that Cathy Wang is a Lynn Brands officer who comes to the Lynn Brands office a "few days a month." (Exhibit C to the FAC, Dkt. 9-1, at 13.) Cathy Wang has not provided the Court with any information to refute this, so the Court finds

that Leadown has shown, by a preponderance of the evidence, that service upon Cathy Wang was proper.

The Individual Defendants' motion to dismiss pursuant to Rule 12(b)(5) is denied.

B.   <u>FAILURE TO STATE A CLAIM</u>

Defendants have also moved to dismiss Leadown's second and third causes of action under Rule 12(b)(6). Claim 2 alleges fraud. Claim 3 asserts conversion. Both claims are brought against all Defendants and seek to hold the Lynn Brands corporate officers personally liable, though Leadown asks the Court to pierce the corporate veil only with respect to the fraud claim.

1.   <u>Legal Standard</u>

"To survive a motion to dismiss [pursuant to Federal Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  The task of the Court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered

in support thereof." In re Initial Pub. Offering Sec. Litig.,
383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (citation omitted).
The Court draws all reasonable inferences in favor of the
nonmoving party. Chambers v. TimeWarner, Inc., 282 F.3d 147,
152 (2d Cir. 2002).

Allegations of fraud must "state with particularity the
circumstances constituting fraud or mistake" though
"[m]alice, intent, knowledge, and other conditions of a
person's mind may be alleged generally." Fed. R. Civ. P. 9(b).
This is a "heightened" standard that requires the complaint
to "(1) specify the statements that the plaintiff contends
were fraudulent, (2) identify the speaker, (3) state where
and when the statements were made, and (4) explain why the
statements were fraudulent." Mills v. Polar Molecular Corp.,
12 F.3d 1170, 1175 (2d Cir. 1993). When fraud is alleged
against multiple defendants, "a plaintiff must plead with
particularity by setting forth separately the acts or
omissions complained of by each defendant." Odyssey Re
(London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F.
Supp. 2d 282, 293 (S.D.N.Y. 2000). This Court has long held
that it must be "especially vigilant in applying Rule 9(b)

where a complaint is made against multiple defendants." Id. at 297 (citations omitted).

### 2.   The Use of Deposition Testimony

As a preliminary matter, Defendants argue the FAC improperly relied on deposition testimony from a similar matter to which Leadown was not a party (the "*Shaoxing Matter*"),[6] in violation of Fed. R. Civ. P. 32(a)(8). But as courts in this Circuit have repeatedly noted, by its plain language, Rule 32(a) applies "at a hearing or trial." See, e.g., Ava Realty Ithaca, LLC v. Griffin, No. 19 Civ. 123, 2021 WL 3848478, at *5 (N.D.N.Y. Aug. 26, 2021) (holding "[n]othing in Rule 32(a) precludes consideration of deposition testimony that may otherwise be inadmissible at a hearing or trial in support of or in opposition to" a motion); Vengurlekar v. HSBC Bank USA, No. 03 Civ. 243, 2008 WL 373692, at *2 n.2 (S.D.N.Y. Feb. 8, 2008) (considering deposition testimony when offered for "evidentiary" support not at a hearing or trial).

Accordingly, at this time, Defendants' challenge to Leadown's use of deposition testimony is premature, as there is no Rule 32(a) problem with the FAC's references to the deposition. The Court denies the request to strike the

---

[6] See Shaoxing Daqin Import & Export Co., Ltd. v. Notations, Inc., Scott Erman, and Lynn Brands LLC, No. 19 Civ. 2732 (S.D.N.Y.).

*Shaoxing* Matter deposition and all references to it from the FAC.

Defendants' argument that the Court should strike the *Shaoxing* Matter documents because they have not been authenticated as required by Rule 901(b) of the Federal Rules of Evidence is similarly unpersuasive at this stage in the litigation. "[T]he ultimate admissibility of evidence included in a complaint is immaterial when deciding a motion to dismiss," <u>Lewis v. Roosevelt Island Operating Corp.</u>, 246 F. Supp. 3d 979, 991 n.7 (S.D.N.Y. 2017), because at this procedural posture "the Court must accept as true *all* factual statements alleged in the complaint." <u>Thompson v. Booth</u>, No. 16 Civ. 3477, 2018 WL 4760663, at *5 (S.D.N.Y. Sept. 28, 2018).

### 3. <u>Fraud and Piercing the Corporate Veil</u>

Leadown brings a claim against Defendants for fraud, with allegations that the corporate veil should be pierced to hold the Individual Defendants personally liable for the fraud. Leadown's allegations supporting its claim for fraud can be summarized as (1) Shawn Wang's pre-order statements that Lynn Brands acquired the assets, without any debts, of a company called Notations; (2) Shawn Wang's statements that Lynn Brands could pay for the purchase orders due to its acquisition of Notations' clients; (3) Shawn Wang's omission

to disclose several material factual matters: that Lynn Brands purchased Notations at a foreclosure sale, that Notations had substantial debt, and that Lynn Brands was essentially a successor of liability to Notations' debt; and (4) Cathy Wang's statement that 19,518 pieces of Goods had been returned by Lynn Brands' customers due to defects.

Before the Court assesses whether Leadown has sufficiently alleged all elements of a fraud claim, it must determine whether the FAC alleges fraud with particularity, as required by Rule 9(b). Leadown has specified the statements it believes are fraudulent, the speakers, and why it believes the statements are fraudulent. However, the FAC lacks allegations regarding *where* and *when* the statements were made -- necessary facts for pleading fraud with particularly. See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (quoting Mills, 12 F.3d at 1175). Thus, Leadown's allegations of fraud based on Defendants' misstatements must be dismissed for failure to meet the requisite pleading standard.

Of course, allegations of fraud based on omission are not subject to the same time-and-place pleading requirement. Omissions can provide the basis for a fraud claim "when defendant had an affirmative duty to disclose th[e] information to plaintiff, such as when defendant owes fiduciary duty to plaintiff." Cyganowski v. Beechwood Re Ltd.

(In re Platinum-Beechwood Litig.), 427 F. Supp. 3d 395, 440-41 (S.D.N.Y. 2019). See also SNS Bank, N.V. v. Citibank, N.A., 777 N.Y.S.2d 62, 66 (App. Div. 1st Dep't 2004) ("However, an omission does not constitute fraud unless there is a fiduciary relationship between the parties.").

Here, there are no allegations that a fiduciary relationship or other circumstances creating an affirmative duty to disclose existed. By the facts alleged, the purchases and sales of the Goods at issue here were arm's length transactions between two commercial parties, which means the alleged omission cannot sustain a claim of fraud. See Cobalt Partners, L.P. v. GSC Capital Corp., 944 N.Y.S.2d 30, 35 (App. Div. 1st Dep't 2012).

Leadown's allegations do not sufficiently support a claim for fraud under New York law, and therefore the second cause of action is dismissed without prejudice.[7]

### 4.   Conversion

The Court next turns to Leadown's claim for conversion. This cause of action centers on three allegations: Defendants' rejection of a portion of the Goods that were returned by customers due to alleged defects (the "Returned

---

[7] Because Leadown has not sufficiently alleged fraud, the Court declines to assess the propriety of piercing the corporate veil. See Cortlandt St. Recovery Corp. v. Bonderman, 96 N.E.3d 191, 205 (N.Y. 2018) ("An argument to pierce the corporate veil is not a cause of action in itself, but rather dependent on the action against the corporation.")

Goods"); Defendants' refusal to return or pay for the Returned Goods; and their demands that Leadown pay for the inspection, repair, and storage of the Returned Goods. Defendants argue that the claim should be dismissed because it is improperly duplicative of the breach-of-contract claim. At this stage in the litigation, the Court disagrees and denies the motion to dismiss the third cause of action.

Defendants are correct that "a cause of action alleging conversion cannot be predicated on a mere breach of contract." Greater Bright Light Home Care Servs., Inc. v. Jeffries-El, 58 N.Y.S.3d 68, 76 (App. Div. 2d Dep't 2017) (internal quotations omitted). But "the same conduct which constitutes a breach of a contractual obligation may also constitute the breach of a duty arising out of the contract relationship which is independent of the contract itself." Hamlet at Willow Creek Dev. Co., LLC v. Ne. Land Dev. Corp., 878 N.Y.S.2d 97, 117 (App. Div. 2d Dep't 2009) (quoting Dime Sav. Bank of N.Y. v. Skrelja, 642 N.Y.S.2d 84, 85 (App. Div. 2d Dep't 1996)). When that circumstance is the case, the injured party may bring a separate claim for conversion. As alleged, Defendants' actions fall into this category of cases.

The contract that Defendants are alleged to have breached is the sale invoice between the parties pertaining to the purchases and sales of the Goods. That document set

out the quantity and type of items Defendants purchased, the price, and the date of delivery. (<u>See</u> Exhibits to FAC, Dkt. 9-1, at 2–3.) The alleged breach of the parties' contract is Defendants' failure to pay for the items Leadown delivered.

By contrast, the conversion claim arises from Defendants' handling of the Returned Goods. Because this case concerns a dispute over the sale of goods, Article 2 of the New York adoption of the Uniform Commercial Code ("NY UCC") governs, and the rejection of goods creates new obligations for a buyer. <u>See</u> <u>Shaoxing Aceco Blanket Co. v. Aceco, Inc.</u>, 670 F. App'x 8, 9 (2d Cir. 2016). Leadown's conversion claim arises from those new obligations, not the same contractual obligations that give rise to the breach-of-contract claim. Consequently, the claims are not duplicative. <u>See</u> <u>Hamlet at Willow Creek Dev. Co.</u>, 878 N.Y.S.2d at 118.

This conclusion finds further support in another fact: the two claims seek damages for different injuries. The breach-of-contract claim seeks damages for Defendants' failure to fulfill their contractual obligations, while the conversion claim seeks relief for Defendants' refusal to return the Returned Goods. <u>See</u> <u>AD Rendon Commc'ns, Inc. v. Lumina Americas, Inc.</u>, No. 04 Civ. 8832, 2007 WL 2962591, at *5 (S.D.N.Y. Oct. 10, 2007) ("In determining whether a conversion claim is duplicative of a breach of contract claim,

courts look both to the material facts upon which each claim is based and to the alleged injuries for which damages are sought.")

Further, Leadown has adequately alleged a claim for conversion. "Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Hamlet at Willow Cr. Dev. Co., 878 N.Y.S.2d at 117. Under New York law, plaintiffs alleging conversion must establish: (1) that they have a possessory right or interest in the property; and (2) the defendant's "dominion over the property or interference with it, in derogation of plaintiff's rights." Grgurev v. Licul, 229 F. Supp. 3d 267, 285 (S.D.N.Y. 2017).

Leadown claims that the Returned Goods were rejected by Lynn Brands. Section 2-602(2)(a) of the NY UCC states that "after rejection any exercise of ownership by the buyer with respect to any commercial unit is wrongful as against the seller." N.Y. U.C.C. § 2-602(2). If Defendants rejected the Returned Goods, Leadown is correct in its assertion that it had a possessory interest in the Returned Goods, meeting the first element of a conversion claim. And Leadown alleged that Defendants refused to return the Returned Goods or provide Leadown access to them, which is a plausible allegation that Defendants had dominion and control over the property.

Because Leadown's conversion claim arises from a different set of obligations than the breach-of-contract claim and the FAC contains plausible allegations of conversion, the Court denies Defendants' motion to dismiss the FAC's third cause of action.

5.   Punitive Damages

Leadown seeks punitive damages for its conversion claim. Defendants counter that Leadown's allegations do not meet New York's requirement for punitive damages. In New York, punitive damages are seldom available for claims arising from a contractual relationship, as they are not meant to "remedy private wrongs but to vindicate public rights," so they are available only "if necessary to vindicate a public right." TVT Records v. Island Def Jam Music Grp., 412 F.3d 82, 94 (2d Cir. 2005) (quoting Rocanova v. Equitable Life Assurance Soc'y of the U.S., 634 N.E.2d 940, 943 (N.Y. 1994) and New York Univ. v. Continental Ins. Co., 662 N.E.2d 763, 768 (N.Y. 1995)). However, if the claim for which a party seeks punitive damages "is unrelated to the parties' contractual relationship, 'no showing of a public wrong is required.'" Kaplin v. Buendia, No. 15 Civ. 649, 2021 WL 1405517, at *11 (S.D.N.Y. Apr. 14, 2021) (quoting Topps Co., Inc. v. Cadbury Stani S.A.L.C., 380 F. Supp. 2d 250, 264 (S.D.N.Y. 2005)).

As discussed above, the conversion claim Leadown has alleged is not duplicative of its breach-of-contract claim. At this stage of the litigation the Court finds that Leadown does not need to establish a "public wrong" in order to request punitive damages in the FAC. The Court denies the motion to dismiss the request for punitive damages on the grounds of duplication and absence of a public wrong that Defendants assert.

### III.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion to dismiss of defendants Lynn Brands LLC, Shawn Wang, and Cathy Wang ("Defendants") for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5), so deemed by the Court as filed by Defendants (Dkt. Nos. 19, 21), is **DENIED**; and it is further

**ORDERED** the motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), so deemed by the Court as filed by Defendants (Dkt. Nos. 19, 21), is **DENIED** in part and **GRANTED** in part. In particular, the motion is denied as to Count Three of the First Amended Complaint. The motion is granted as to Count Two, and the allegations of fraud, piercing the corporate veil, and director liability in Count Two, are dismissed without prejudice; and it is further

**ORDERED** that within ten (10) days of the date of this Order plaintiff Jiaxing Leadown Fashion Co. ("Leadown") may file an amended complaint addressing the deficiency described above relating to Leadown's fraud claim;

**ORDERED** that within fifteen (15) days of the date Leadown files any further amendment of its complaint in accordance with this Order, Defendants shall file and serve a copy of their answer to such amended complaint.


**SO ORDERED.**

Dated:      November 8, 2021
            New York, New York

                                        _____
                                        Victor Marrero
                                           U.S.D.J.