USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JIAXING LEADOWN FASHION CO. LTD.,

                Plaintiff,

- against -

LYNN BRANDS LLC, SHAWN WANG, and CATHY WANG,

                Defendants.

**21 Civ. 976 (VM)**

**DECISION AND ORDER**

---

**VICTOR MARRERO, United States District Judge.**

    Plaintiff Jiaxing Leadown Fashion Co. Ltd. ("Leadown") brings this action against defendants Lynn Brands LLC ("Lynn Brands"), Shawn Wang, and Cathy Wang (the "Individual Defendants," and collectively with Lynn Brands, "Defendants") for breach of contract, fraud, and conversion. (See "Second Amended Complaint" or "SAC," Dkt. No. 24.) The Individual Defendants are, allegedly, the manager and president/CEO of Lynn Brands. Leadown's allegations center on its belief that Defendants were embroiled in a fraudulent scheme by which they would order goods and then refuse to pay for them.

    Now before the Court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). (See "Defs. Pre-Motion Ltr.," Dkt. No. 29; "Motion," Dkt. No. 38.) For the reasons set forth below, the Motion is **DENIED** in its entirety.

## I. BACKGROUND

A. <u>FACTUAL BACKGROUND</u>[1]

The Court assumes familiarity with the underlying facts as discussed in the Court's prior opinion in this case. (<u>See</u> Dkt. No. 23.) In brief, Leadown is an apparel manufacturer, while Lynn Brands supplies and distributes women's clothing in the United States. In August 2019, Lynn Brands placed multiple special orders with Leadown for women's apparel affixed with specific branded labels (the "Goods"). Leadown and Shawn Wang, on behalf of Lynn Brands, signed the invoice specifying the price and delivery dates for the Goods. Leadown made seven shipments of the Goods to Lynn Brands, which Lynn Brands accepted without issue until eight weeks after the first shipment.

Lynn Brands then informed Leadown that more than half of the Goods had been returned by its customers because they were of inferior quality. Leadown requested proof of the purported defects with certification from the dissatisfied customers, but Lynn Brands provided only photos of the defective Goods. Leadown thus conducted its own investigation

---

[1] Except as otherwise noted, the factual background is derived from the SAC and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion for judgment on the pleadings. Except where specifically quoted, no further citation will be made to the SAC or the documents discussed therein.

and determined that Lynn Brands intentionally caused these defects in order to withhold payment. To date, Lynn Brands has paid $100,000 for the Goods, leaving an outstanding balance of $475,475.80. The Individual Defendants, on behalf of Lynn Brands, attempted to negotiate a discount on the Goods, and Leadown initiated this action.

B.   PROCEDURAL HISTORY

Leadown initiated this action on February 3, 2021. After two iterations of its complaint, Leadown filed the SAC, alleging three causes of action: (1) breach of contract against Lynn Brands, (2) fraud, and (3) conversion. (See SAC.) After filing their answer (see "Answer," Dkt. No. 25) to the SAC, Defendants subsequently filed a pre-motion letter (see Defs. Pre-Motion Ltr.) indicating their intention to file a motion for judgment on the pleadings pursuant to Rule 12(c). After the parties exchanged pre-motion letters (see "Pl. Pre-Motion Opp.," Dkt. No. 30; "Defs. Pre-Motion Reply," Dkt. No. 31), Leadown requested supplemental briefing, which the parties subsequently filed. (See Motion; "Defs. Supp. Brief," Dkt. No. 39; "Pl. Supp. Opp.," Dkt. No. 41; "Defs. Supp. Reply," Dkt. No. 43.)

Defendants' Motion for judgment on the pleadings asserts that this action warrants dismissal on the ground that Leadown

suffered no damages because its alleged losses were indemnified in full by China Export & Credit Insurance Corporation ("China Export"), which they argue is the sole "real party in interest" in this matter.

## II. LEGAL STANDARD

Rule 12(c) permits a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). When "deciding a Rule 12(c) motion, the Court applies the same standard as that applicable to a motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure], accepting the allegations contained in the complaint as true, and drawing all reasonable inferences in favor of the nonmoving party." VoiceAge Corp. v. RealNetworks, Inc., 926 F. Supp. 2d 524, 529 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Although a motion for judgment on the pleadings must generally be decided based only on the facts alleged in the pleadings, "[a] court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or integral to the

4

complaint; and it may also consider matters that are subject to judicial notice." Byrd v. City of New York, No. 04 Civ. 1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005).

Further, "[t]he court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle plaintiff to relief." Degrafinreid v. Ricks, 452 F. Supp. 2d 328, 332 (S.D.N.Y. 2006) (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)).

### III. DISCUSSION

Defendants move for judgment on the pleadings on the ground that Leadown suffered no damages in this matter because it was indemnified by China Export, and is therefore unable to plead damages for each cause of action alleged. In contending that Leadown has failed to allege damages, Defendants rely on Exhibit B, attached to the Answer, a document titled "Collection Trust Deed" executed by Leadown and China Export. (See "Collection Trust Deed" or "Trust Deed," Answer Ex. B, Dkt. No. 25-2.) For the reasons set forth below, Defendants' Motion is **DENIED** in its entirety.

A.   LEADOWN'S COMPLIANCE WITH COURT RULES

As an initial matter, the Court addresses Leadown's purported failure to comply with the Court's Order dated August 15, 2022. (See Dkt. No. 37.) Defendants argue that the

5

Court should reject Leadown's supplemental brief in opposition to the instant motion on the ground that Leadown's brief fails to comply with this Court's Order directing the parties "to file supplemental briefs, not to exceed three pages in length[.]" (Defs. Supp. Reply at 1 (quoting Dkt. No. 37).) Defendants contend that Leadown filed a two-page, single-spaced letter with a three-page declaration, rounding out to five pages of opposition, in violation of the August 15, 2022 Order. (See id.)

A court may exercise its discretion in considering or rejecting briefing that does not comply with court rules. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (noting that district court has broad discretion regarding a party's compliance with local court rules); Intertek Testing Servs., N.A., Inc. v. Pennisi, 443 F. Supp. 3d 303, 325 (E.D.N.Y. 2020) (acknowledging that a court may "exercise its discretion to overlook the parties' failure to comply with . . . individual rules"); Sgalambo v. McKenzie, 739 F. Supp. 2d 453, 464 n.4 (S.D.N.Y. 2010) (condemning a party's "attempt to skirt Rule III.H of this Court's Individual Rules" and noting that "all future submissions in this case must comply with the Court's Individual Rules or they will be rejected"). Here, if the Court considers the

6

declaration as additional argumentation, then Leadown did indeed file a brief in excess of the three-page allotment provided by this Court's August 15, 2022 Order. However, the Court will not reject Leadown's filing here. Despite submitting a three-page declaration with its brief, Leadown indicated in its pre-motion letter, which it exchanged with Defendants, that if the Court permitted supplemental briefing, Leadown would "provide a declaration confirming that (1) [China Export] was unable to collect any money from Lynn Brands; [and] (2) the authorization to [China Export] has been terminated." (Pl. Pre-Motion Opp. at 2.) Thus, Defendants had notice of Leadown's planned supplemental submission with the Court. Moreover, the declaration that Leadown filed is as described. (See "Shen Decl.," Pl. Supp. Opp. Ex. 1, Dkt. No. 41-1.) Accordingly, the Court will not strike Leadown's supplemental submission at this time.

While the Court will consider Leadown's supplemental submission, however, it does not condone flouting court orders and warns the parties that failure to comply with page limitations and restrictions in future filings may result in the Court rejecting the filing in its entirety or striking those portions that violate court rules or directives. See P&G Auditors & Consultants, LLC v. Mega Int'l Com. Bank Co.,

7

Ltd., No. 18 Civ. 9232, 2019 WL 4805862, at *4 (S.D.N.Y. Sept. 30, 2019) ("It would [] be within the Court's discretion to strike the brief in its entirety as untimely, or to strike the overlength pages of the brief for exceeding the court's length requirements.").

B.   CONSIDERATION OF DOCUMENT ATTACHED TO ANSWER

In their Motion for judgment on the pleadings, Defendants rely almost entirely on the Trust Deed as the basis for dismissal. Leadown argues that it is improper for the Court to consider the Trust Deed in deciding this motion because it is outside the scope of documents that a court may rely upon at this stage. The Court does not agree.

On a Rule 12(c) motion, a court may "consider[] the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks omitted) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). The Second Circuit clarified the scope of materials that can be considered in Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 305 (2d Cir. 2021). There, the Circuit Court determined that its statement in L-7 Designs delineated the "full range of materials" that

8

courts may consider on such a motion, but it did "not mean[] that courts may weigh all such materials at once when deciding a motion on the pleadings." Id. Instead, the materials a court may consider depend on which party is the non-movant. See id. at 305-06. Thus, on a Rule 12(c) motion, a court may consider those documents constituting "the non-movant's 'pleading,' including (1) the complaint *or* answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice." Id. at 306 (alteration in original) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)).

Here, Leadown is the non-moving party. Thus, on a motion for judgment on the pleadings, this Court may consider only Leadown's pleading, that is, the SAC, any documents attached to the SAC, documents incorporated by reference or integral to the pleading, and matters of which the Court may take judicial notice. The Trust Deed, which forms the basis of Defendants' Rule 12(c) motion, was attached to Defendants' Answer and not to Leadown's SAC, and it would be improper to consider this document on the ground that it was attached to

9

Defendants' Answer.[2] Further, the Trust Deed was not incorporated by reference into the SAC nor is it a document of which the Court may take judicial notice. Thus, it would be improper for the Court to consider the document on these grounds.

However, the Court is persuaded that the Trust Deed can be considered on the ground that it is "integral" to the drafting of Leadown's SAC. A document is considered "integral" to the complaint "where the complaint 'relies heavily upon its terms and effect.'" Chambers, 282 F.3d at 153 (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)). Generally, this exception applies where "the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's

---

[2] If the Court did consider the Trust Deed on this ground, the Court must also assess whether the motion should be converted to one for summary judgment pursuant to Federal Rule of Civil Procedure 56. However, prior to converting the motion, "a plaintiff is entitled to (1) an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the motion, and (2) an explanation of the consequence of a grant of summary judgment and what he could do to defeat the motion." Toliver v. City of New York, No. 10 Civ. 3165, 2012 WL 7782720, at *5 (S.D.N.Y. Dec. 10, 2012), report and recommendation adopted, No. 10 Civ. 3165, 2013 WL 1155293 (S.D.N.Y. Mar. 21, 2013) (citing Hernandez v. Coffey, 582 F.3d 303, 309 (2d Cir. 2009)). Here, Leadown did not have an opportunity to take relevant discovery beyond responding to Defendants' brief in support of their Motion. Further, summary judgment would not be proper at this juncture as discovery was ongoing at the time the motion became fully briefed. See Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011) (noting that before a court may grant summary judgment *sua sponte*, it must afford "certain procedural protections . . . to the non-moving party" including the completion of discovery or a determination that further discovery is not necessary).

complaint stands or falls[.]" Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

Here, the Trust Deed attached to the Answer does not provide a date for when it was executed. However, the declaration of Jianping Shen ("Shen"), the principal of Leadown, included with Leadown's supplemental opposition brief, indicates that Leadown signed this document sometime after March 2020, which is when the alleged default under the contracts occurred, and before litigation in this Court commenced. (See Shen Decl. ¶ 6.) The Trust Deed sought to authorize China Export to collect any money owed from Lynn Brands on Leadown's behalf. (See id. ¶ 7.) According to Shen, Leadown did not assign its breach of contract claim to China Export nor did China Export collect any money from Lynn Brands. (See id. ¶¶ 7-8.) Further, Shen declares that China Export paid Leadown $90,000 as the insurance payout prior to initiating this action, which will need to be repaid in full if Leadown receives any amount greater than $90,000 from Lynn Brands. (See id. ¶ 9.) Leadown terminated China Export's authorization prior to initiating this action. (See id. ¶ 8.)

The Court finds that the Trust Deed impacts Leadown's obligations insofar as it may potentially affect the total amount in damages that Leadown can recover upon resolution of

11

this dispute, and arguably affected the damages amount that Leadown alleged in drafting the SAC. Further, it is likely that Leadown considered the effect or terms of the Trust Deed when it determined that it was able to pursue legal claims against Defendants. Thus, the Court finds that the document is "integral" to Leadown's SAC, and the Court may properly consider the document on this Motion. As discussed below, however, the Court's consideration of the Trust Deed has no effect on the ultimate outcome of this Motion.

C.   REAL PARTY IN INTEREST

Defendants argue that the Court should grant their Rule 12(c) motion on the ground that Leadown has failed to allege damages because any losses were indemnified in full by China Export, which is the sole "real party in interest" in this matter. (See Answer at 10; Defs. Supp. Brief at 2.) The Court is not persuaded that China Export is the sole real party in interest, warranting dismissal of the action.

Federal Rule of Civil Procedure 17(a) requires that "[e]very action . . . be prosecuted in the name of the real party in interest." Fed. R. Civ. P. (17)(a). The "real party in interest" is the party "who possesses the right to enforce [a] claim and who has a significant interest in the litigation." Stichting Ter Behartiging Van de Belangen Van

12

Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 407 F.3d 34, 48 n.7 (2d Cir. 2005) (quoting Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973)). Rule 17(a) seeks "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Digizip.com, Inc. v. Verizon Servs. Corp., 139 F. Supp. 3d 670, 676 (S.D.N.Y. 2015) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 17 advisory committee's notes, 1966 Amendment).

Relying on the Trust Deed attached to their Answer, Defendants argue that China Export is the sole real party in interest because Leadown assigned all of its claims to China Export. (See Defs. Pre-Motion Ltr. at 2.) Leadown counters that the Trust Deed does not constitute an assignment of its legal claims, that it terminated its contract with China Export prior to litigation, that China Export was unable to collect any money from Lynn Brands on Leadown's behalf, and that China Export provided an insurance payout of $90,000 subject to repayment if Leadown recovers any amount in excess of $90,000 from Defendants. (See Pl. Supp. Opp. at 2; Shen Decl. ¶¶ 8-9.)

The Court is not persuaded that the Trust Deed unequivocally establishes an assignment of all of Leadown's claims warranting dismissal of the action. The Trust Deed attached to Defendants' Answer specifically provides that Leadown "confirm[s] [its] grant to China Export & Credit Insurance Corporation the full power in exercising such rights and remedies in our or its own name and give any assistance as it may require of us from time to time." (Trust Deed at 1.) As Leadown argues, the document refers only to the "default by Lynn Brands in payment under the Sales Contract," which would affect only Leadown's breach of contract claim, if at all. (Id.)

Moreover, drawing all reasonable inferences in Leadown's favor, the Court is not persuaded that the clause granting China Export authorization to exercise its rights and remedies in Leadown's or its own name establishes an assignment of rights. In In re Decor Holdings, a court in this Circuit considered a debt collection contract -- the "Collection Trust Deed" -- nearly identical to the Trust Deed here. See No. 21 Civ. 6725, 2023 WL 170595, at *1 (E.D.N.Y. Jan. 12, 2023). In that case, the appellant held an export credit insurance policy with China Export, having signed the Collection Trust Deed authorizing China Export to collect

14

debt on the appellant's behalf. See id. This Collection Trust Deed contained the same clause as the one cited by Defendants here, "grant[ing] to [China Export] the full power in exercising such rights and remedies in our or its own name and give any assistance as it may require of us from time to time." Id. However, despite having signed the Collection Trust Deed containing that clause, the appellant did not assign its legal claims until it executed a separate document several months later that explicitly provided that appellant "hereby agree[d] to assign, transfer and subrogate to" China Export "all our rights and remedies in and in respect of the subject matter insured." Id. at *2.

Here, the Trust Deed, which is nearly identical to the one at issue in In re Decor Holdings, lacks an assignment clause that would establish that Leadown's legal claims have been assigned to China Export. Thus, the Court cannot determine on the basis of this document alone whether an assignment has been made and whether China Export is a real party in interest, let alone the sole real party in interest. Further, Leadown contends that it terminated China Export's authorization to collect any debt on its behalf prior to initiating this action, creating doubt and disputed factual

15

issues as to whether China Export has *any* interest in this action at all.

Thus, drawing all reasonable inferences in favor of Leadown, the Court cannot find that Leadown suffered no damages because it is disputed whether China Export indemnified Leadown and whether Leadown assigned its claims to China Export, making it the real party in interest. As there is a genuine dispute as to certain material facts, dismissal of the action would be improper at this time. Accordingly, Defendants' Motion is hereby **DENIED**.

D.  DEFENDANTS' ADDITIONAL DISCOVERY REQUESTS

In their supplemental reply brief, Defendants request that the Court enter an order directing Leadown's counsel to serve an amended set of initial disclosures and directing Leadown to serve documentary proof evincing every payment received by Leadown from a collateral source in connection with its breach of contract damages. (See Defs. Supp. Reply at 3.) As Defendants made this request for the first time in their reply brief, the Court finds that it is procedurally improper for Defendants to raise this issue at this time, as Leadown did not have an opportunity to respond to Defendants' discovery demand. See, e.g., Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first

16

time in a reply brief."); Heard v. Statue Cruises LLC, No. 16 Civ. 1079, 2020 WL 1285456, *10 (S.D.N.Y. 2020) ("[T]he Court declines to consider a request for monetary sanctions made for the first time in a reply brief[.]"); Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc., No. 18 Civ. 4921, 2020 WL 1330283, at *11 (S.D.N.Y. Mar. 22, 2020) (adopting magistrate judge's recommendation to reject plaintiff's request for jurisdictional discovery on the grounds that plaintiff raised it for the first time in its reply brief).

Thus, the Court denies Defendants' request for discovery made for the first time in their reply brief and instead directs the parties to file a joint letter to the Court, providing an update on the status of discovery, the possibility of settlement, and any anticipated motions.

### IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. Nos. 29, 38) of defendants Lynn Brands LLC, Shawn Wang, and Cathy Wang for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is **DENIED;** and it is further

**ORDERED** that the parties file a joint letter to the Court providing a status update on discovery, the possibility of

settlement, and any anticipated motions within twenty-one (21) days of the date of this Order.

**SO ORDERED.**

Dated:     9 May 2023
           New York, New York

_____
Victor Marrero
U.S.D.J.